FILED '07 FEB 27 15:52 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL HIMEBAUGH,

                Plaintiff,          Civil No. 06-6183-TC

        v.                ~~ORDER~~ Findings and Recommendation

GUY HALL,

                Defendant.

COFFIN, Magistrate Judge.

    Plaintiff was an inmate in the custody of the Oregon Department of Correction at the time he filed this civil rights action alleging that defendants violated his constitutional rights by not transferring him to a prison "closer to the county of [his] crime" and failing to provide him with pre-release counseling. Complaint (#2) p. 4.

1 - ~~ORDER~~ F&R

Plaintiff was transferred to the Oregon State Correctional Institution on August 15, 2006 and began his pre-release counseling classes on week after he filed this lawsuit. Plaintiff was release from custody on December 8, 2006. Defendants' Motion to Dismiss (#9) Exhibit 101, p. 3.

Defendants have filed an Un-enumerated 12B Motion to Dismiss (#9) on the ground that plaintiff did not attempt to resolve his claim using the available Oregon Department of Corrections grievance system prior to filing this action.

The Prison Litigation Reform Act (PLRA) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S. C. § 1997e(a); <u>Porter v. Nussle</u>, 534U.S. 516, 531-32; <u>Booth v. Churner</u>, 532 U.S. 731 (2001). In the Ninth Circuit, inmates are required to exhaust **all** grievance remedies **prior** to filing a 1983 action, including appealing the grievance decision to the highest level within the grievance system. <u>Bennet v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).

The Ninth Circuit Court of Appeals has held that failure to exhaust non-judicial remedies is not jurisdictional and should be treated as a matter in abatement.  Thus, the proper procedural mechanism for adjudicating the existence or absence of exhaustion of non-judicial remedies is an "un-enumerated Rule 12(b) motion" rather than a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F. F.2d 365, 368 (9 th Cir. 1988 (per curiam).  If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  Waytt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

The Oregon Department of Corrections has a grievance system to address inmate complaints. See, Defendants' Exhibit 101, Attachment 1, OAR 291-109-005 through 291-109-0060. Inmates may appeal the decisions or results of matters filed through the grievance process.  See, 291-109-0050. An appeal would go to the functional unit manager who is required to respond within 30 days.  See, OAR 291-109-0050(1).  The decision of the functional unit manager may also be reviewed

by appealing to the Assistant Director.   See, OAR 291-109-0050(3)-(4).

Inmates are informed of the grievance system at the Admission and Orientation classes upon their arrival at an institution and it is also explained in the Inmate handbook. Defendants' Exhibit 101, Affidavit of Aleca Nelson, paragraph 4.   Plaintiff in this case personally received "coaching" several times, on the administrative grievance process.   Id. paragraph 12.

Plaintiff acknowledges that he did not file a grievance concerning the claims alleged in this action.   Complaint (#2), p. 2.   The Affidavit of Aleca Nelson also indicates that plaintiff did not grieve the matters giving rise to his claims herein.   Defendants' Exhibit 101, p. 3.

Plaintiff's argument that he filed a mandamus action in the Umatilla County Circuit Court and   "could not do grievances after filing the mandamus," Answer to Memorandum (#12), is unavailing. The ODOC policy against processing grievances on claims or issues that an inmate is pursuing in pending litigation in the courts, see, OAR 291-109-0140 G, is immaterial to the exhaustion requirement.

Based on the foregoing, I find that plaintiff did not

4 - ~~ORDER~~ F&R

exhaust his administrative (non-judicial) remedies with respect to his claims in this case. Defendants' Motion to Dismiss (#9) should be allowed. This action should be dismissed. Under other circumstances, dismissal without prejudice might be appropriate. However, in this case, plaintiff has been released from the custody of the Oregon Department of Corrections. Therefore, exhaustion of administrative remedies at this point is not a possibility. [1] Therefore, this action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual

---

[1]Moreover, since plaintiff has been released *and* received the counsel prayed for in his complaint, arguably plaintiff's claims are moot.

determinations of the Magistrate Judge will be considered a waiver of a party's right to    de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.


IT IS SO ~~ORDERED~~ Recommended

DATED this 2~~7~~ day of February, 2007.


_____
Thomas M. Coffin
United States Magistrate Judge


6 - ~~ORDER~~ F&R